No. 24-1783

# United States Court of Appeals for the Sixth Circuit

GOTION, INC.,

*Plaintiff-Appellee,*

v.

GREEN CHARTER TOWNSHIP,

*Defendant-Appellant.*

---

**On Appeal from the United States District Court for the Western District of Michigan**

## Supplemental Brief on Mootness

Christopher S. Patterson
Eric P. Conn
Kyle A. O'Meara
FAHEY SCHULTZ BURZYCH
RHODES PLC
4151 Okemos Road
Okemos, MI 48864
(517) 381-0100

T. Seth Koches
BAUCKHAM, THALL, SEEBER,
KAUFMAN & KOCHES, P.C.
470 W. Centre Street, Suite A
Portage, Michigan 49024
(269) 382-4500

Robert T. Dube Jr.
Mark J. Blando
Vince C. Reuter
ECKLAND & BLANDO LLP
100 Washington Avenue South
Suite 1500
Minneapolis, MN 55401
(612) 236-0160

*Counsel for Appellant*

# TABLE OF CONTENTS

*Page(s)*

TABLE OF AUTHORITIES ................................................................. ii

INTRODUCTION ............................................................................. 1

FACTS ........................................................................................... 2

ARGUMENT ................................................................................... 5

    I.   THIS COURT SHOULD DISMISS THE APPEAL, VACATE THE PRELIMINARY INJUNCTION, AND REMAND WITH INSTRUCTIONS TO DISMISS THE UNDERLYING CASE FOR MOOTNESS. ........................ 5

        A. The Underlying Dispute is Constitutionally Moot. ........... 5

        B. The Underlying Dispute is Prudentially Moot Because Gotion Has Abandoned the Plant and Is Unable to Build the Plant in Light of the MSF Finding Gotion in Default. 6

        C. Because the Case is Moot, This Court Must Vacate and Remand for Dismissal ....................................................... 8

    II.  IF THIS ACTION IS NOT MOOT, GOTION STILL HAS NO IRREPARABLE HARM. ................................................................ 9

CONCLUSION .............................................................................. 10

CERTIFICATE OF COMPLIANCE ..................................................... 12

CERTIFICATE OF SERVICE ............................................................ 13

# TABLE OF AUTHORITIES

*Page(s)*

CASES

*Basicomputer Corp. v. Scott*,
   973 F.2d 507 (6th Cir. 1992) ..................................................9-10

*Corey v. Rockdale Cnty.*, No. 23-13097,
   2025 WL 1325325 (11th Cir. May 7, 2025) ..................................... 7

*Greenbaum v. EPA*,
   370 F.3d 527 (6th Cir. 2004) ........................................................ 6

*Fletcher v. United States*,
   116 F.3d 1315 (10th Cir. 1997) ..................................................6-7

*Libertarian Party of Ohio v. Blackwell*,
   462 F.3d 579 (6th Cir. 2006) ........................................................ 5

*Lichoulas v. City of Lowell*,
   555 F.3d 10 (1st Cir. 2009) .......................................................... 6

*Memphis A. Philip Randolph Inst. v. Hargett*,
   2 F.4th 548 (6th Cir. 2021) ....................................................... 5, 8

*McPherson v. Mich. High Sch. Athletic Ass'n, Inc.*,
   119 F.3d 453 (6th Cir. 1997) ......................................................8-9

*Seay v. Oklahoma Bd. of Dentistry*, No. 21-6054,
   2022 WL 2046511 (10th Cir. June 7, 2022) .................................... 7

*Sharp v. FCA US LLC*,
   637 F. Supp. 3d 454 (E.D. Mich. 2022) .......................................6-7

*Speech First, Inc. v. Schlissel*,
   939 F.3d 756 (6th Cir. 2019) ........................................................ 8

*Vecinos para el Bienestar de la Comunidad Costera v. FERC*,
    6 F.4th 1321 (D.C. Cir. 2021) ........................................................8

*Winzler v. Toyota Motor Sales USA, Inc.*,
    681 F.3d 1208 (10th Cir. 2012) ....................................................7

## INTRODUCTION

This action is moot. There is no injunctive relief that would facilitate the development of Gotion's electric vehicle battery component manufacturing project ("Plant") in Green Charter Township because the Plant will not be built. The Michigan Strategic Fund ("MSF") memorialized this reality in its September 17, 2025 Notice of Events of Default ("Default Letter") wherein it found Gotion in default on its numerous Critical Industry Program ("CIP") Grant Agreement obligations. This is the consequence of Gotion's own inaction: it obtained the preliminary objection it sought, yet, after over 18 months, has not requested the Township take a single action. Indeed, Gotion has taken no action on its property for at least 120 days as of September 2025. Instead, based on public media reports, Gotion appears to have abandoned its Michigan plans in favor of expanding its Manteno, Illinois factory to replace the failed Plant.[1] Gotion having abandoned the Project, this action is moot.

---

[1] *See* Christopher Breach, *Gotion's Manteno Plant Up to 300 Employees with 450 Planned for by End of Year*, SHAW LOCAL NEWS NETWORK (Nov. 18. 2025, 10:00 AM), https://www.shawlocal.com/daily-journal/2025/11/18/gotion-gives-updates-on-manteno-plant/ ; *see also* Lee Provost, *Gotion Expects to Add 450 Jobs by End of 2025*, SHAW LOCAL

1

Even if this action is not constitutionally moot, it is prudentially moot and should be dismissed. By defaulting on its obligations to MSF, Gotion will be forced to return the property to the State of Michigan via a foreclosure on its mortgage. (*See* Default Letter.) Gotion cannot build a plant on property it does not own. The only remaining step is for this Court to dismiss this appeal and the underlying action.

If this Court finds this action is not moot, the Michigan Strategic Fund's Default Letter does not change the fact that there is no irreparable harm justifying the preliminary injunction at-issue.

## FACTS

Gotion initiated this action claiming a breach of the purported August 22, 2023 Development Agreement ("Development Agreement") with Green Charter Township (the "Township"). [Complaint, Ex. 1, RE 1-1.] Gotion has sought only injunctive relief and declaratory relief related to alleged "breaches" of the purported Development Agreement. [Complaint, RE 1, Page ID #19-20.]

---

News Network (Oct. 10, 2025, 6:00 AM), https://www.shawlocal.com/daily-journal/2025/10/10/gotion-expects-to-add-450-jobs-by-end-of-2025/.

Gotion obtained a preliminary injunction on May 17, 2024. Despite this, Gotion has made no requests of the Township, has never claimed a failure to abide by the preliminary injunction (including related to the purported "breaches" above), nor has it ever applied for zoning approval from the Township—a mandatory step in any project development. Instead of trying to advance the Plant, Gotion actively took steps to *not* develop it, including withdrawing its applications for necessary state permits and expanding its Manteno, Illinois factory.[2]

After over 120 consecutive days of non-activity on the Gotion Property, the MSF sent a September 17, 2025 Notice of Events of Default to Gotion. (Default Letter at 1.) That Default Letter began the process whereby the State of Michigan would reclaim ownership of the Gotion Property and force repayment of the CIP funds, which supposedly made the Plant financially viable. (*Id.* (noting the MSF would pursue remedies under the mortgage between it and Gotion).) Gotion was given thirty calendar days to cure the default; it did not and has not done so.

---

[2]  *See e.g.*, Byron Tollefson, *Gotion Plant on Hold as Legal Battle Drags on*, WOOD TV NEWS (Mar. 31, 2025, 6:16 PM), https://www.woodtv.com/news/michigan/gotion-plant-on-hold-as-legal-battle-drags-on/.

Instead, Gotion responded to the Default Letter on October 15, 2025, claiming it had not abandoned the Project and seeking a six-month extension.[3] Notably, Gotion did not dispute that no activity had taken place on the Gotion Property for 120 consecutive days. Indeed, Gotion did not identify a single tangible action it had taken to further the Plant's development, because there are none. Gotion's response makes clear it is looking to negotiate the terms of the default, rather than resume development of the Plant.

Gotion still has not applied for any permits or siting from the Township or applicable governmental units, there is no observable activity on the Gotion Property, and Gotion has, by any reasonable standard, abandoned its plans to build its Plant in Green Charter Township, Michigan. The status of the Project is best explained by Christin Armstrong, Chief Operating and Performance Officer of the Michigan Economic Development Corporation, stating, "[t]he project that we had originally contemplated will not happen."[4]

---

[3] A copy of Gotion's response letter can be found here: https://www.scribd.com/document/937338335/Gotion-response-to-notice-of-default

[4] Cathie Crew, *6th Circuit Asks if Gotion Lawsuit is Moot After Michigan Default Notice*, BIG RAPIDS PIONEER (Jan. 16, 2026, 12:52 PM),

# ARGUMENT

I. THIS COURT SHOULD DISMISS THE APPEAL, VACATE THE PRELIMINARY INJUNCTION, AND REMAND WITH INSTRUCTIONS TO DISMISS THE UNDERLYING CASE FOR MOOTNESS.

A. <u>The Underlying Dispute is Constitutionally Moot.</u>

This Court can only adjudicate "actual, ongoing controversies," i.e., "genuine dispute[s] between adverse parties, *where the relief requested would have a real impact on the legal interests of those parties.*" *Memphis A. Philip Randolph Inst. v. Hargett*, 2 F.4th 548, 557–58 (6th Cir. 2021) (quoting *Libertarian Party of Ohio v. Blackwell*, 462 F.3d 579, 584 (6th Cir. 2006)) (emphasis added). Here, the relief Gotion seeks would have no real impact on its legal interests, and thus the action is moot.

This action spawns from an alleged breach of the purported Development Agreement between Gotion and the Township. Gotion sought relief related to alleged breaches of the purported Development Agreement that it suggested prohibited it from building the Plant. [Declaration of Chuck Thelen, RE 3-1, Page ID #2–7.] Of course, Gotion is not building the Plant—as is now clear—so Gotion's requested relief

---

https://www.bigrapidsnews.com/news/article/circuit-court-michigan-questions-gontion-lawsuit-21297339.php/.

5

of, *inter alia,* approving water plans for the Plant is now meaningless. *See Lichoulas v. City of Lowell*, 555 F.3d 10, 13 (1st Cir. 2009) ("[T]he evident prospect that FERC would revoke the license made clear that the federal interest, such as it was, would likely be mooted. . . .").

A ruling in Gotion's favor will not cure its default nor change the fact that Gotion must return the CIP grant money, because Gotion's failure to undertake activities for 120 days was independent of any alleged breach by the Township. Whether, *inter alia,* water is ultimately supplied to the Plant is simply irrelevant at this point. Thus, the action is moot.

> B. The Underlying Dispute is Prudentially Moot Because Gotion Has Abandoned the Plant and Is Unable to Build the Plant in Light of the MSF Finding Gotion in Default.

The Sixth Circuit has adopted the prudential mootness doctrine, *Greenbaum v. EPA*, 370 F.3d 527, 534–35 (6th Cir. 2004), whereby this Court can exercise its discretion to withhold relief where the "controversy, not constitutionally moot, is so 'attenuated that considerations of prudence and comity for coordinate branches of government counsel the court to stay its hand.'" *Sharp v. FCA US LLC*, 637 F. Supp. 3d 454, 463–64 (E.D. Mich. 2022) (quoting *Fletcher v. United*

6

*States*, 116 F.3d 1315, 1321 (10th Cir. 1997)). Thus, where "events so overtake a lawsuit that the anticipated benefits of a remedial decree no longer justify the trouble of deciding the case on the merits, equity may demand not decision but dismissal." *Id.* at 464 (quoting *Winzler v. Toyota Motor Sales USA, Inc.*, 681 F.3d 1208, 1210 (10th Cir. 2012)). Here, MSF's finding of default makes this action prudentially moot.[5]

By declaring Gotion in default, MSF has set in motion the State of Michigan's reclamation of the Gotion Property. Gotion cannot build a plant on land it does not own. *See Corey v. Rockdale Cnty.*, No. 23-13097, 2025 WL 1325325, at *3 (11th Cir. May 7, 2025) ("Now that he no longer owns the property, Corey acknowledges that we cannot grant him the injunction that he sought."). Nor can Gotion build the Plant without the CIP grant money it must now return to MSF. [RE 3, Page ID #159

---

[5] While the MEDC is neither Congress nor the Executive, it is an organ of the State of Michigan and thus its actions effectively nullifying Gotion's requested relief should be entitled to some deference by this Court. *See Seay v. Oklahoma Bd. of Dentistry*, No. 21-6054, 2022 WL 2046511, at *2–3 (10th Cir. June 7, 2022) (invoking the prudential mootness doctrine when a state legislature modified the law and a state agency modified its position accordingly).

7

(explaining how vital the CIP grant Gotion has breached and defaulted on is for the Plant)].

Thus, as a matter of pure practicality, whether Gotion obtains its injunctive relief is meaningless because Gotion cannot build the Plant. *See Vecinos para el Bienestar de la Comunidad Costera v. FERC*, 6 F.4th 1321, 1327 (D.C. Cir. 2021) ("Because the Annova project will not go forward, we dismiss the petition in No. 20-1093 as moot.") (subsequent case history omitted). Equity thus directs this Court to dismiss the action.[6]

### C. Because the Case is Moot, This Court Must Vacate and Remand for Dismissal.

If a case becomes moot during an appeal, "the judgment below must be vacated and the case remanded with instructions to dismiss." *Memphis A. Philip Randolph Inst. v. Hargett*, 2 F.4th 548, 557–58 (6th Cir. 2021) (quoting *McPherson v. Mich. High Sch. Athletic Ass'n, Inc.*, 119

---

[6] No exceptions apply. The voluntary cessation doctrine is inapplicable because the Township has not ceased the actions Gotion claims violates the purported Development Agreement. *Speech First, Inc. v. Schlissel*, 939 F.3d 756, 767 (6th Cir. 2019). Nor is this dispute capable of repetition yet evading review; any future suit would proceed normally as this one had until Gotion mooted it.

F.3d 453, 458 (6th Cir. 1997) (en banc)). This vacatur expands to preliminary injunctions, not just judgments. *Id.* at 561 (vacating a preliminary injunction on mootness grounds). Because this action is moot, the preliminary injunction must be vacated, and this Court should remand to the district court with instructions to dismiss the action in its entirety.

II. IF THIS ACTION IS NOT MOOT, GOTION STILL HAS NO IRREPARABLE HARM.

As the Township asserted in its briefing and at oral argument, the preliminary injunction cannot be maintained because Gotion cannot establish irreparable harm. The Default Letter changes only *what* damages Gotion could attempt to claim: from claiming the Township *delayed* the Gotion Plant to claiming the Township *caused* the default (assuming Gotion is unable to cure); however, MSF's Default Letter clearly and correctly attributes the defaults to Gotion.

Of course, the Township disputes that any damages Gotion may claim were caused by the Township and reserves all defenses, but the principle remains: Gotion's harms are *per se* reparable because it can recover damages from the Township if it proves liability and defeats any affirmative defenses. *Basicomputer Corp. v. Scott*, 973 F.2d 507, 511 (6th

9

Cir. 1992) ("[A] plaintiff's harm is not irreparable if it is fully compensable by money damages.").

Likewise, irreparable harm must be "actual and imminent" rather than harm that is speculative or unsubstantiated. *Abney v. Amgen, Inc*, 443 F.3d 540, 552 (6th Cir. 2006). The fact that Gotion has done nothing with a preliminary injunction for over a year shows that the alleged "harm" from the Township was not "actual or imminent."

## CONCLUSION

Gotion no longer intends to develop the Plant and soon will not own the Gotion Property. This Court can afford no real relief. Therefore, this Court should find this matter constitutionally or prudentially moot and enter an order remanding it to the district court with instructions to dismiss. Even if the matter is not moot, there is no irreparable harm, therefore, this Court should reverse the district court and vacate the preliminary injunction.

Respectfully Submitted,

January 20, 2026                    *s/Robert T. Dube Jr.*
                                    Robert T. Dube Jr.
                                    Mark J. Blando
                                    Vince C. Reuter
                                    ECKLAND & BLANDO LLP
                                    100 Washington Avenue South
                                    Suite 1500
                                    Minneapolis, MN 55401
                                    (612) 236-0160

                                    Christopher S. Patterson
                                    Eric P. Conn
                                    Kyle A. O'Meara
                                    FAHEY SCHULTZ BURZYCH
                                    RHODES PLC
                                    4151 Okemos Road
                                    Okemos, MI 48864
                                    (517) 381-0100

                                    T. Seth Koches
                                    BAUCKHAM, THALL, SEEBER,
                                    KAUFMAN & KOCHES, P.C.
                                    470 W. Centre Street, Suite A
                                    Portage, Michigan 49024
                                    (269) 382-4500

                                    *Counsel for Appellant*

# CERTIFICATE OF COMPLIANCE

This brief complies with the ten-page limitation set by this Court in its January 5, 2026 Letter [Docket No. 45] because it does not exceed ten pages, excluding those parts of the brief exempted by 6th Cir. R. 32(b)(1).

This brief also complies with the typeface requirements under Fed. R. App. P. 32(a)(5) and the typestyle requirements under Fed. R. App. 32(a)(6) because it has been prepared in proportional 14-point sans-serif Century Schoolbook font using Microsoft Word.

*s/Robert T. Dube Jr.*
Robert T. Dube Jr.

## **CERTIFICATE OF SERVICE**

I certify that on January 20, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Sixth Circuit using the CM/ECF system. I also certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

*s/Robert T. Dube Jr.*
Robert T. Dube Jr.
