No. 24-1783

_____

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

_____

GOTION, INC.,

Plaintiff-Appellee

v.

GREEN CHARTER TOWNSHIP

Defendant-Appellant

_____

On Appeal from the United States District Court
for the Western District of Michigan
Docket No. 1:24-CV-275
The Honorable Jane M. Beckering

_____

**PLAINTIFF-APPELLEE GOTION, INC.'S SUPPLEMENTAL BRIEF IN
RESPONSE TO COURT'S JANUARY 5, 2026 LETTER**

K. Scott Hamilton, Esq.
Mark V. Heusel, Esq.
Jacob L. Clark, Esq.
Dickinson Wright PLLC
500 Woodward Avenue, Suite 4000
Detroit, MI 48226
Tel: (313) 223-3041
KHamilton@dickinsonwright.com
MHeusel@dickinsonwright.com
JLclark@dickinsonwright.com

Dated:  January 20, 2026

I. **INTRODUCTION**

The Court issued its January 5, 2026 letter requesting supplemental briefing on two questions: (1) Whether Gotion Inc.'s ("Gotion") claims against Green Charter Township ("Township"), which seek declaratory and injunctive relief only, are now moot; and, if the claims are not moot, (2) what effect the Notice of Events of Default has on the issue of irreparable harm for the purposes of a preliminary injunction. Gotion now submits its supplemental brief below responding to these questions.

On September 17, 2025, the Michigan Strategic Fund ("MSF") issued a "Notice of Default" letter to Gotion alleging that Gotion was in default of the September 15, 2023 Critical Industry Grant Agreement between Gotion and MSF ("CIP Agreement") for allegedly "abandoning" the project as well as identifying the present lawsuit between Gotion and the Township as a reason for default.  The purpose of the CIP Agreement was to provide Gotion a grant of up to $125 million to fund the purchase of the land and construction and creation of the industrial park campus that was to be built in Green Charter Township.  Gotion responded on October 15, 2025 denying that it had abandoned the project and asserting that any delay was through no fault of Gotion.  Gotion reminded the MSF that it was both the state of Michigan and Green Charter Township that had induced Gotion to invest in the State, and the Township specifically.  But for their promises to support the project, Gotion would have invested in another state.  Gotion also pointed out the irony of the MSF's reasons for issuing the notice of default; namely, that it was the  Township's breaches that resulted in the current litigation and any delay to the project was the direct result of those breaches as well as the overwhelming abandonment of support by the Township and county of Mescosta for the project. While the Township is not a party to the CIP Agreement, the CIP Agreement is inextricably linked to the Development Agreement at issue in the present litigation before the Court. *See, e.g.,* Development Agreement, Art. 7(c), ECF 1-1, at PageID.28.

## II. GOTION'S CLAIMS AGAINST GREEN CHARTER TOWNSHIP ARE NOT MOOT, BUT THE PROJECT MAY NO LONGER BE VIABLE

The Court's first question is whether Gotion's claims against the Township, *which seek declaratory and injunctive relief only*, are now moot (emphasis added). The MSF Notice of Default does not render moot Gotion's "claims" against the Township for breach of contract. The Development Agreement constitutes a valid and binding contract, which the Township breached by, among actions, rescinding the Water Extension Resolution and the Support Resolution, in violation of its legal obligation under the Development Agreement to assist Gotion in obtaining or causing to obtain governmental authorization to advance the Project. ECF No. 3 at PageID.167–171. The fact that the MSF's Notice of Default was issued or that Gotion has contested it is immaterial to the legal claims against the Township. Simply because the MSF issued the Notice of Default does not mean that the Township did not breach the Development Agreement and, in fact, the district court found that Gotion was likely to succeed on the merits of its breach of contract claim. ECF No. 22 at PageID.351. In fact, "the Township does not dispute that if the Development Agreement is enforceable, then the Township's actions constitute a breach of that Agreement." *Id*., at PageID.346.

Initially, Gotion believed that if it could obtain an injunction to enforce the Development Agreement, the project could be put on track despite the Township's board members' continuous attacks on the project. Since that injunction was granted, and even after the Township's appeal was filed, Gotion has been subject to an unrelenting attack on its efforts to proceed with the project. Consequently, the Township is still liable to Gotion for the damages caused by the Township's breach of the Development Agreement and the MSF's Notice of Default does not render moot Gotion's claims for breach of contract. However, the Notice certainly impacts the remedies available to Gotion. The fact still remains that the Township breached a valid and binding contract,

3

caused Gotion harm, and is liable for damages to Gotion for its breach including a claim for significant monetary damages that Gotion now intends to seek.

Gotion is not blind to the reality of its project given the current situation in the Township: The project that Gotion worked diligently, and in good faith to complete, to bring jobs and income to the people of the Township, is no longer viable and threatens the ability of either party to perform pursuant to the injunction. This has been made abundantly clear by the statements and actions from the Township and supporters of the Township, some of which were made after the issuance of the injunction and even after the MSF sent its Notice of Default:

- "We just plan on making it as difficult as we possible (sic) for them to continue their process. They don't even have a sight (sic) planned, they don't have permits yet, so, we're not their friend." – Cori Riebow following her victory to become Township Clerk, Nov. 8, 2023[1]

- "We're ready to fight or keep fighting. There's a lot of misinformation that's out there that says that it can't be beat, that it's already a done deal. We've heard this over and over again, but it's simply not true." - Jason Kruse, spoken in capacity as newly elected Township Supervisor, Nov. 15, 2023, "On Balance" with host Leland Vittert[2]

- The Township approved a motion to "coordinate with Township legal counsel and representatives of other units of government related to potential review of the proposed Gotion project by the U.S. Committee on Foreign Investment in the United States." – Township Meeting Minutes, April 8, 2025[3]

---

[1] Brian Entin and Devan Markham, "Michigan town votes to oust entire govt. over Chinese factory plans," NewsNation, Nov. 8, 2023, available at https://www.newsnationnow.com/world/china/election-government-chinese-factory-plans/.
[2] "Michigan Town 'Ready to Fight' Against Chinese Plant: Supervisor," NewsNation, Nov. 16, 2023, available at https://mi.localnews.com/michigan-town-ready-to-fight-against-chinese-plant-supervisor/.
[3] See also Cathie Crew, "Green Charter Twp considers CFIUS review of Gotion project," Big Rapids Pioneer, April 14, 2025, available at https://www.bigrapidsnews.com/news/article/green-charter-township-considers-cfius-review-20269531.php.

- The Township's renewal of the Interim Zoning Ordinance. - Township Meeting Minutes, April 8, 2025

- Township's Public Comment regarding the Township Board "standing up to Gotion." – Township Meeting Minutes, Nov. 11, 2025

- "[The Gotion project] is a threat to America's national security" – Vice President J.D. Vance (then candidate for Vice President), Aug. 27, 2024 during a campaign rally in Big Rapids, Michigan[4]

These statements and actions are proof of two critical truths. First, they are further evidence of the Township's breach of the Development Agreement, particularly its actions attempting to subject Gotion to new conditions and regulatory approvals. This type of onerous Interim Zoning Ordinance demonstrates that Gotion's claims against the Township for breach of contract are far from moot and, if anything, may have even expanded. Second, the message from these public statements and actions is undeniable: *Any attempt by Gotion to move forward on the project in in the Township would be futile.* Gotion asserts that the only impact of the MSF's Notice of Default is that it simply makes this not-so-well-kept secret a clearer reality. The circumstances have fundamentally changed since Gotion filed its initial complaint requesting only injunctive relief. Given the different reality in the Township that Gotion faces today, Gotion believes that its claims instead require a different remedy, and will likely seek to amend its complaint to add a demand for monetary damages from the Township as a result of the Township's breach.

---

[4] *See also* Melissa Frick, "JD Vance Criticizes Gotion battery plant's ties to China at Big Rapids rally," MLive, Aug. 28, 2024, available at https://www.mlive.com/politics/2024/08/jd-vance-criticizes-gotion-battery-plants-ties-to-china-at-big-rapids-rally.html.

### III. WHILE THE MSF'S NOTICE OF DEFAULT DOES NOT IMPACT WHETHER GOTION WOULD BE "IRREPARABLY HARMED," THERE IS A QUESTION OF FACT AS TO WHETHER THE ORDERED INJUNCTIVE RELIEF IS SUFFICIENT

The Court's second question is if the claims are not moot, then what effect does the Notice of Events of Default have on the issue of irreparable harm *for the purposes of a preliminary injunction* (emphasis added). Gotion does not deny that the MSF's Notice of Default impacts the issue of irreparable harm for purposes of the preliminary injunction, specifically, the parties' ability to perform the Development Agreement and ultimately abide by the injunction. That does not mean, however, that Gotion would not continue to suffer irreparable harm without the injunction in place. *See* ECF 22, at PageID.351-353. The Township has already rescinded the Water Resolution and Support Resolution in breach of its obligations. Furthermore, based on public statements from the Township board members and the content of the Interim Zoning Ordinance itself, it is reasonable to conclude that the Township's recent actions like the Interim Zoning Ordinance are designed to obstruct, delay and prevent Gotion's project rather than support and advance it. These types of actions were determined by the lower court to constitute clear and ongoing breach of the parties' Development Agreement. *See* ECF 22, at PageID.345-351. Without injunctive relief, Gotion would continue to be irreparably harmed in that it would be impossible for Gotion to perform its obligations under the Development Agreement and advance the project should it so choose to despite the current political climate in and actions of the Township. Further, without injunctive relief, the Township may continue to feel emboldened to take obstructive actions that would annihilate any speck of hope that Gotion's project could proceed. That said, Gotion does not deny that it now intends to amend its complaint to also seek monetary relief as a result of these fundamental change of circumstances in the Township.

It is undeniable that the MSF's actions may have triggered additional consequences under the Development Agreement that would impact damages *as it pertains to injunctive relief only*. For example, the parties' Development Agreement, Art. 7(c) states that an "Event of Default" may occur where there is a "failure by Gotion to complete the Project as required under the CIP Agreement and SSRP Agreement." If the MSF moves to terminate the CIP Agreement, it will be impossible for Gotion to fulfill this obligation under the Development Agreement and enforce the injunction. It also is important to emphasize that the Notice of Default *is a result of the Township's actions* in rescinding the Support and Water Resolutions and enacting the Interim Zoning Ordinance and creating an impossible environment to advance the project. As such, the Township's actions have directly breached the Development Agreement that have caused damages to and irreparably harmed Gotion. While Gotion believes that the element of irreparable harm is still met and there is still use for the injunction, Gotion intends to also seek monetary damages given the fundamental change in circumstances in the Township.

Furthermore, *and it bears repeating*, Gotion is not blind to the practical impact of the MSF's Notice of Default to the future of Gotion's project in Michigan. It has been made abundantly clear to Gotion that the Township and its supporters intend to fight Gotion tooth-and-nail to prevent Gotion from bringing its project to the Township and whatever economic opportunity may have come with it. The current reality makes it exceedingly difficult, if not practically impossible, to proceed even with the current injunction in place. Gotion must now consider whether injunctive relief is an adequate enough remedy at all given the current situation, or if it must seek to include a demand for monetary damages as well. The question of whether injunctive relief may still be a meaningful remedy or if this matter should only be purely a case for monetary damages sought against the Township is likely a question of fact for the lower court.

## IV. **CONCLUSION**

Gotion sought to complete this project in the Township. The Township's continuing statements and actions made it clear that they would never allow it to happen, regardless of any court order. Litigation ensued, and the posture of the Township against Gotion only hardened. Gotion attempted to move forward but always knew that any action to advance the project in the Township would be futile. The MSF took advantage of Gotion's plight and issued this Notice of Default that Gotion now contests, which has only confirmed Gotion's fear for the viability of the project. Gotion must now admit that the circumstances of and optimism towards the project has fundamentally changed since it filed its complaint seeking only injunctive relief nearly two years ago. *This new reality does not moot Gotion's claims against the Township* for breach of the Development Agreement. In fact, it does the exact opposite as the statements and actions of the Township combined with the MSF's Notice of Default only confirms the legitimacy of Gotion's claims against the Township. However, while Gotion is confident that all factors including irreparable harm are met despite the MSF's Notice of Default, Gotion must now consider the real question of fact of whether injunctive relief is still adequate to address the harms, or if it must proceed to seek monetary damages from the Township as well.

Therefore, Gotion responds to the Court's questions that, for the reasons stated above, the Notice of Default does not moot Gotion's claims and does not impact the issue of "irreparable harm." Notwithstanding Gotion's position, Plaintiff acknowledges the reality that monetary damages rather than injunctive relief may be more appropriate given the current circumstances and

intends to amend its complaint to seek such damages against the Township.

Respectfully Submitted,

*/s/ K. Scott Hamilton*
K. Scott Hamilton, Esq.
Mark V. Heusel, Esq.
Jacob L. Clark, Esq.
DICKINSON WRIGHT PLLC
500 Woodward Avenue, Suite 4000
Detroit, MI 48226
Tel: (313) 223-3041
KHamilton@dickinsonwright.com
MHeusel@dickinsonwright.com
JLclark@dickinsonwright.com

DATE: January 20, 2026

4938-9682-9319 v15 [114285-1]